**Jianrong CHEN, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Board of Education of the City of New York, Defendants–Appellees.**

**Docket No. 02–7121.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2002.

cation hearing. *See Ferranti,* 66 F.3d at 542 (citing *United States v. Salerno,* 481 U.S. 739, 743, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)).

Kevin K. Tung, Law Office of Kevin K. Tung, Flushing, NY, for Appellant.

Michael Cardozo, Corporation Counsel of the City of New York (Michael B. Hess, Larry A. Sonnenshein, and Julian L. Kalkstein, on the brief), New York, NY, for Appellees.

Present KEARSE, SOTOMAYOR and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Sifton, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiff Jianrong Chen appeals from a judgment of the United States District Court for the Eastern District of New York (Sifton, J.) granting defendants the City of New York's ("the City") and the Board of Education of the City of New York's ("the Board") motion for summary judgment. Plaintiff, a substitute teacher, sued the Board and the City under 42 U.S.C. § 1983 after his name was placed on an "ineligibility/inquiry list" following accusations that he had used corporal punishment against a student. Defendants' investigation concluded several months later that plaintiff had not used corporal punishment and his suspension was then lifted.

Plaintiff argues that the defendants violated a protected liberty interest because the placement on the list so stigmatized his reputation that it prevented him from obtaining other work as a teacher. Cf. Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (" '[W]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' " (quoting Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971))). Plaintiff also argues that the Board's internal regulation providing that "the person alleged to have engaged in corporal punishment will be afforded an opportunity to appear with representation and address the allegations upon 48 hours written notice prior to any action being recommended or taken," itself creates a property right inasmuch as it promises a hearing before any adverse action can be taken on allegations of corporal punishment.

Assuming that plaintiff had a liberty or property interest in his continued employment as a substitute teacher, however, this Circuit has held that post-deprivation Article 78 proceedings are sufficient where the deprivation of liberty or property occurred not because of a governmental policy but instead because of the unauthorized act of a state employee. See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880–81 (2d Cir. 1996) (citing Hudson v. Palmer, 468 U.S. 517, 532, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981),

*overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Zinermon v. Burch,* 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)).

Plaintiff has identified no governmental procedure under which his property or liberty interests were deprived—indeed, as in *Hellenic,* his claim to a property interest is based on the existence of a municipal procedure protecting his rights to notice and an opportunity to be heard, which the defendants are alleged to have violated.[1] Although plaintiff contends that Reich had "adopt[ed] a policy that people like plaintiff[ ] are not entitled to a hearing before actions are taken," and plaintiff submitted an affidavit stating that Reich had "explained to [plaintiff] that the letter [placing plaintiff on the ineligible list] was part of the normal routine [and that] the entire process could take three years to complete," there is nothing in the record to indicate that Reich, who was a subordinate of the Chancellor, was himself a policymaker, or that any procedure employed by Reich could supersede Regulation A–420 adopted by the Chancellor. The statement that plaintiff attributes to Reich, *i.e.,* that letters such as that received by plaintiff are "routine," is entirely conclusory, and there is nothing in this record suggesting that the decision by Reich was anything but a one-time occurrence.[2] The mere fact that the letter informing plaintiff that he was placed on the ineligible list was sent by the Director of the Board's Office of Appeals and Review, without more, cannot establish that his suspension without notice was pursuant to an established municipal procedure. *Cf. Hellenic,* 101 F.3d at 879 (letter sent by the Director of the Mayor's Office of Contracts and the City's Chief Procurement Officer to the heads of all City agencies was not a municipal policy). Therefore, because plaintiff's sole challenge to the adequacy of Article 78 proceedings rests on his position that only a pre-deprivation hearing can provide meaningful relief given the importance of the suspension to his reputation and livelihood, an argument foreclosed by *Hellenic,* 101 F.3d at 881–82, summary judgment was properly granted.

We have considered plaintiff's other arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

---

1. Accordingly, plaintiff's argument that the fact that there was a regulation requiring that he be given notice and an opportunity to be heard distinguishes this case from the cases where post-deprivation hearings have been found adequate is inapposite.

2. While plaintiff now argues that he needs to conduct discovery on whether there is any such policy and on Reich's authority, he offers no explanation for his failure to seek this information before the close of discovery or to file an affidavit under Fed.R.Civ.P. 56(f) if he needed additional discovery to oppose summary judgment. We therefore do not find this a sufficient ground for disturbing the district court's grant of summary judgment. In the absence of any such evidence, plaintiff's reliance on *Burtnieks v. City of New York,* 716 F.2d 982, 988 (2d Cir.1983), which held that "decisions made by officials with final authority over significant matters, which contravene the requirements of a written municipal code, can constitute established state procedure," is unpersuasive.